IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Maybank, | ) | |
| | ) | C/A No.: 4:08-0643-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard Maybank filed applications for a period of disability and disability insurance benefits and for supplemental security income on September 14, 2005, alleging disability commencing September 5, 2005 because of seizure disorder and borderline intellectual functioning. The applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on September 17, 2007.

On November 16, 2007, the ALJ issued a decision that Plaintiff was not disabled and thus not entitled to a period of disability and disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act, nor supplemental security income under section 1614(a)(3)(A) of the Act. On January 17, 2008, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On August 12, 2009, the Magistrate Judge filed a Report and Recommendation in which he found that the record was inadequate to allow the court to determine whether substantial evidence supports the

ALJ's decision to discount Plaintiff's I.Q. score. The Magistrate Judge noted that because the ALJ rejected Plaintiff's I.Q. score and found no evidence in the record about Plaintiff's adaptive limits before he turned 22, the ALJ did not proceed to a full analysis of the remaining requirements of Listing 12.05C (providing for disability based upon mental retardation). The Magistrate Judge recommended that the within action be remanded for the taking of additional evidence regarding Plaintiff's academic and social functioning during the developmental period, for reconsideration of the rejection of Plaintiff's I.Q. score, and for further consideration of Plaintiff's Listing 12.05C contention, if applicable. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. No party filed objections to the Report and Recommendation. On August 28, 2009, the Commissioner filed a notice that he would not file objections to the Report and Recommendation.

The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the Commissioner's decision be reversed pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in

the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 31, 2009.